UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0237 (SRN/BRT) |
| Plaintiff, | |
| v. | ORDER |
| JEREMY DAVID MOUNT, | |
| Defendant. | |

---

This matter is before the Court on two motions of defendant Jeremy David Mount. First, Mount has requested an extension of time in which to file a notice of appeal challenging his sentence. *See* ECF No. 60. Second, Mount seeks *in forma pauperis* ("IFP") status on that appeal. *See* ECF No. 65. The Court is without authority to grant the extension Mount seeks, leaving his appeal untimely. But because the government must invoke this untimeliness defense on appeal, and because Mount's appeal is not otherwise frivolous as the Supreme Court has defined that term, Mount's IFP application will be granted.

A. *Motion for Extension of Time to Appeal*

Rule 4(b) of the Federal Rules of Appellate Procedure governs the time limitations for filing a notice of appeal in a criminal case. As relevant to this case, a defendant's notice of appeal must be filed in the district court within 14 days of the entry of judgment or order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). "Although these time constraints are not jurisdictional limitations, 'Rule 4(b)'s

timeliness requirements [are] inflexible . . . .'" *United States v. Starks*, 840 F.3d 960, 960 (8th Cir. 2016) (quoting *United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010)).

The sentencing judgment Mount seeks to challenge on appeal was entered August 1, 2017.[1] *See* ECF No. 54. Under Rule 4(b)(1), Mount had 14 days — that is, until August 15, 2017 — in which to file a notice of appeal. He failed to do so. Under Rule 4(b)(4), Mount could, upon showing excusable neglect or good cause for his failure, file his notice of appeal up to 30 days after the original deadline — that is, until September 14, 2017. Again, Mount failed to do so.[2] The Court cannot extend beyond September 14 the period of time in which Mount may file a notice of appeal challenging his sentence, regardless of the reason, however justifiable, for his failure to the notice of appeal. Accordingly, Mount's motion for an extension must be denied.

---

[1] A judgment of forfeiture was entered August 9, 2017. *See* ECF No. 58. Mount has not indicated that he intends to appeal that judgment.

[2] The Court did not receive Mount's motion for an extension until September 19, 2017. Under Rule 4(c), a document sent by a prisoner to the Court through the prison mail system is deemed "filed" as of the date the document was placed in the prison mail system. Mount presents no evidence, such as a declaration or notarized statement setting out the date of deposit, that the motion for an extension of time was placed in the prison mail system by September 14. Further, the postmark on the document bears the date of September 18, 2017 (although from a location other than where Mount's prison is located). *See* ECF No. 60-1. And Rule 4(c)(1)(B) vests authority to take further evidence regarding the date of filing with the notice of appeals, not the district court.

But even if Mount's *motion* were deemed filed on or before September 14 (contrary to the evidence now before the Court), his *notice of appeal* was not filed until October — well after the date to which the Court could extend the appeals deadline. *See* ECF No. 61. Most, though not all, appellate courts have discouraged interpretation of a motion for an extension in which to file a notice of appeal as a notice of appeal itself. *See Best v. Griffin*, 884 F.2d 1387, at *2 n.2 (4th Cir. 1989) (unpublished table disposition) (collecting cases). The Eighth Circuit has, in other contexts, stressed the distinction between motions for an extension and notice of appeal. *See Campbell v. White*, 721 F.2d 644, 647 (8th Cir. 1983).

### B. Application to Proceed IFP

Under Rule 24(a)(3) of the Federal Rules of Civil Procedure,

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless . . . the district court — before or after the notice of appeal is filed — certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Counsel was appointed on behalf of Mount during the criminal proceedings, though he later retained private counsel. Further, Mount's IFP application demonstrates his financial eligibility for IFP status on appeal.

Nor can this Court conclude that Mount's appeal is *necessarily* taken without good faith. Although the appeal is untimely, "Rule 4(b) is not jurisdictional." *Watson*, 623 F.3d at 546. The government may decline to exercise its right to object to the untimeliness of Mount's appeal — especially as all the government likely will gain from a timeliness objection is protracted litigation under 28 U.S.C. § 2255 (including an evidentiary hearing) about whether Mount's attorney failed to honor a request to file a notice of appeal. *See Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015) (extending presumption of prejudice to cases where an attorney fails to file a requested appeal even where, as here, the petitioner has waived his right to appeal pursuant to a plea agreement). Nor does the presence of a waiver of appellate rights in Mount's plea agreement mean, by itself, that his appeal is taken not in good faith. *See, e.g.*, *United States v. Baccam*, No. 02-CR-0320 (JRT/FLN), 2003 WL 21738592, at *1 (D. Minn. July 22,

2003). Accordingly, Mount's IFP application will be granted, notwithstanding the untimeliness of his notice of appeal.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Jeremy David Mount's motion for an extension to file an appeal [ECF No. 60] is DENIED.

2. Mount's motion to proceed *in forma pauperis* on appeal [ECF No. 65] is GRANTED.

Dated: December 7, 2017              s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge