UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-237 (SRN/BRT)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JEREMY DAVID MOUNT,

                Defendant.

**ORDER DENYING PRO SE MOTION TO MODIFY PROTECTIVE ORDER**

---

Katharine T. Buzicky, Assistant United States Attorney, 300 South Fourth Street, Room 600, Minneapolis, MN 55415, counsel for Plaintiff.

Jeremy David Mount, Reg. No. 20776-041, FCI-Sandstone, Unit K-3, P.O. Box 1000, Sandstone, MN 55072, Pro Se.

---

      This matter comes before the Court on Defendant's Pro Se Motion [Doc. No. 110] to Modify the Protective Order. The Government opposes the motion [Doc. No. 125].

      Defendant, Jeremy David Mount, is serving a sentence on child pornography offenses. Previously, he sought a copy of the transcript of the change of plea hearing in this case, which contained information that could tend to identify the child victim(s). (*See* Gov't's Mot. for Protective Order at 1 [Doc. No. 105].) In response to Mount's request, the Government moved the Court to enter a protective order, pursuant to 18 U.S.C. § 3509(d)(3), if the Court determined that there was a significant possibility that public disclosure of the name or any other information concerning the child would be detrimental

1

to the child. (*Id.*) In particular, the Government requested an order requiring that the transcript of the change of plea hearing (and any other transcripts that Mount might request) be sent to the Warden of the facility where Mount is housed, who would provide Mount access to the transcripts, determine if the transcripts needed to be held in the Warden's custody or care following Mount's review, and permit Mount timely and reasonable access to the items to allow him to prepare for court filings. (*Id*. at 3.)

On November 21, 2019, the Court issued the Protective Order, granting the Government's request. The Court noted that the transcripts were governed by 18 U.S.C. § 3509(d)(1)(A)(i), which requires that all employees of the Government, employees of the court, and the defendant and his legal defense team shall "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." (Protective Order ¶ 1) (citing 18 U.S.C. § 3509(d)(1)(A)(i)). In addition, the Court observed that the statute requires that all employees of the Government, employees of the court, and the defendant and his legal defense team, shall disclose documents that contain the name or information concerning a child "only to persons who, by reason of their participation in the proceeding, have reason to know such information." (*Id.*) (citing 18 U.S.C. § 3509(d)(1)(A)(ii)).

Pursuant to the authority granted by 18 U.S.C. § 3509(d)(3), the Court found that there was a significant possibility that here, the minor victims, as well as additional witnesses, could suffer harm if the defendant were able to retain or disseminate information

from the transcript to third parties, especially in a prison environment. (Protective Order at 2.) Accordingly, the Court issued the following order, pursuant to § 3509(d)(3), directing that

> the transcript of the change of plea hearing (and any other transcripts Mr. Mount may request) be sent to the Warden of the facility where Mr. Mount is housed. The Warden shall provide the transcript(s) timely in a safe environment for Mr. Mount to review them. The Warden may determine that the transcript(s) may need to be held in the care and custody of the Warden or his designee after Mr. Mount reviews them, and the Warden shall allow Mr. Mount timely and reasonable access to the item(s) governed by this order to allow Mr. Mount to prepare court filings.

(*Id.*)

On December 26, 2019, Mount filed the instant pro se motion, seeking to modify the Protective Order. He asserts that he lacked an opportunity to respond to the Government's request, the Order is overly broad and not the least restrictive alternative to achieve the objectives sought, and it unreasonably hampers his access to the courts. (Def.'s Mot. at 1.) Mount contends that the Government can instead provide a redacted version of the transcript, without violating the law, and he objects to the "multi step process of review" and scheduling that the Protective Order requires. (*Id.* at 2.) The Court disagrees.

Federal law requires the protection of materials that tend to identify a child victim or witness. 18 U.S.C. § 3509(d)(1). As noted above, it requires "all employees of the Government connected with the case, including employees of the Department of Justice," employees of the Court, and "the defendant and employees of the defendant" to "keep all

documents that disclose the name or any other information concerning a child *in a secure place to which no person who does not have a reason to know their contents has access*." *Id.* § 3509(d)(1)(i) (emphasis added). Because the Bureau of Prisons is part of the Department of Justice, this statute applies to all employees who have custody of Mount. The statute does not contemplate redaction—it mandates the proper storage and protection of sensitive material.

Furthermore, the Court continues to find that there is a significant possibility that here, the minor victims, as well as additional witnesses, could suffer harm if the defendant were able to retain or disseminate information from the transcript to third parties, especially in a prison environment. The Court's Protective Order fairly balances the Government's need to comply with the statute in order to protect child victims and witnesses against Mount's need to access materials to prepare court filings. It is not overly broad, nor unduly restrictive, as it permits Mount's access to the material, while ensuring compliance with federal law.

Accordingly, for the foregoing reasons, Defendant's Pro Se Motion to Modify the Protective Order [Doc. No. 110] is **DENIED**.

  Dated:   February 21, 2020                                  s/Susan Richard Nelson
                                                                            SUSAN RICHARD NELSON
                                                                            United States District Judge