UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY DAVID MOUNT,<br><br>Defendant. | Case No. 16-cr-00237 (SRN/BRT)<br><br><br>MEMORANDUM OPINION AND ORDER |

Jeremy D. Mount, Reg. No. 20776-041, FCI-Sandstone, P.O. Box No. 1000, Sandstone, MN 55072, Pro Se.

Katharine T. Buzicky and Craig R. Baune, Department of Justice – United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Pro Se Motion for Reconsideration [Doc. No. 207] filed by Defendant Jeremy Mount. Also before the Court is Defendant's Pro Se Motion for Discovery [Doc. No. 206]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the Motion for Reconsideration, and **GRANTS** in part and **DENIES** in part the Motion for Discovery.

I.     BACKGROUND

The factual background and procedural history of this case is fully set out in the Court's orders issued on October 20, 2020 [Doc. No. 164] and October 4, 2021 [Doc. No. 202], denying Defendant relief under 28 U.S.C. § 2255. The Court incorporates that

1

background by reference. The Court therefore recites only the relevant procedural history to these motions.

### A. Defendant's Motion for Discovery

Mount moves to obtain certain evidence. He seeks (1) Special Agent Drengson's police report, search warrant affidavit, and body camera footage, (2) the presentence investigation report, (3) the forensics report relating to the search of his computer and cellphone, (4) Mount's Pro Se Motion to Vacate under 28 U.S.C. § 2255 (the "Motion")[1], (5) the Government's response to that motion, and (6) Mount's Internet Protocol ("IP") address information. (Def.'s Discovery Mot. at 1-2).

### B. Defendant's Motion for Reconsideration

Without receiving permission prior to filing, Mount moves the Court to reconsider the denial of the Motion. (Def.'s Mot. Reconsideration & Mem. at 1.) He asserts that reconsideration is warranted because he has discovered new evidence, namely, an affidavit from his aunt, Mary Schreifels, that he alleges confirms that he intended to file a direct appeal. (*Id.* at 1.) In addition, he asserts that the Court erred in denying his Motion in a variety of other ways. (*See id.* at 3-11.)

## II. DISCUSSION

Local Rule 7.1(j) of this Court requires a party seeking reconsideration to first obtain permission to file such a motion. D. Minn. L.R. 7.1(j). A party may receive permission

---

[1] Mount seeks discovery of his "original 2255 habeas petition," which the Court construes to refer to his Pro Se Motion to Vacate under § 2255, which is in the record at Docket Number 70.

only by showing "compelling circumstances." *Id.* Motions for reconsideration serve the limited purpose of " 'correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence.' " *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

### A.   Motion for Discovery

The Court has previously denied Mount's requests for discovery of the police report, the search warrant affidavit, the body camera footage, the forensic reports of his computer and cellphone, and the IP address information. (*See* Doc. Nos. 135, 154, 159, 163, 164.) Accordingly, the Court construes Mount's motion for discovery of these items as a motion for reconsideration of its earlier denials.

The Court denies Mount's motion for failing to follow the procedural requirement in Local Rule 7.1(j) by first seeking permission to file a motion to reconsider. *See Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (holding that a district court does not abuse its discretion in denying a motion where a party fails "to follow procedural rules"). Even assuming that he had followed the applicable rule, Mount has simply relitigated old issues, and thus the Court denies the motion regarding those items on that basis as well. *See Dale & Selby Superette*, 838 F. Supp. at 1348.

Mount also seeks discovery of his presentence investigation report in order to make certain arguments relating to 18 U.S.C. § 2251(a)(e). (Def.'s Discovery Mot. at 2.)

3

However, Mount "did not raise these claims at sentencing," and therefore "he is precluded from raising them in a section 2255 motion," *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989). Accordingly, the Court denies Mount's request for his presentence investigation report.

Lastly, Mount seeks copies of the Motion and the Government's response to the Motion. These documents are in the record at Docket Numbers 70 and 98. The Court directs the Clerk of Court to send Mount copies of these filings.

### B.     Motion for Reconsideration

Because Mount failed to obtain permission from the Court prior to filing this motion, the Court denies the motion for failing to follow the procedural requirement in Local Rule 7.1(j). *See Ellis*, 518 F. App'x at 504 (holding that a district court does not abuse its discretion in denying a motion where a party fails "to follow procedural rules"). Regardless, the Court finds that Mount has not established "compelling circumstances" necessary to obtain leave to file a motion for reconsideration. Nor has he put forth a manifest error of law or fact in the Court's prior orders or presented newly discovered evidence that would warrant a different result.

But Mount argues that he has presented newly discovered evidence, citing the affidavit from his aunt. (Affidavit of Mary Schreifels [Doc. No. 208] ("Schreifels Aff.").) However, this affidavit is not newly discovered evidence justifying a motion for reconsideration. Mount knew or should have known about the substance of Schreifels' affidavit prior to the evidentiary hearing because, as the affidavit attests, Mount spoke with

4

Schreifels by telephone and sent her letters in September of 2017. (Schreifels Aff. ¶¶ 4-5.) Nothing prohibited him from reaching out to her for an affidavit prior to this time.

Moreover, the affidavit is not relevant to the issue considered at the evidentiary hearing. As stated in the Court's order, the issue at the hearing was whether, after McKeivier offered her professional advice to Mount, he "clearly and manifestly" communicated his request to file an appeal despite her advice to the contrary. (Oct. 4, 2021 Order at 15.) Although Schreifels' affidavit attests that Mount had a desire to "mov[e] forward with his appeal," (Schreifels Aff. ¶ 5), it fails to demonstrate that Mount clearly and manifestly communicated his desire to file a direct appeal to McKeivier after he received her counsel.

For these reasons, the Court denies Mount's Motion for Reconsideration.[2]

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jeremy Mount's Pro Se Motion for Reconsideration [Doc. No. 207] is **DENIED**; and

2. Defendant Jeremy Mount's Pro Se Motion for Discovery [Doc. No. 206] is **GRANTED** in part and **DENIED** in part as follows:

    a. The Court **DENIES** Defendant's Motion for Discovery of the police report, the search warrant affidavit, the body camera footage, the

---

[2] Mount also asserts that the Court made a number of other errors in denying the Motion. (*See generally* Def.'s Mot. Reconsideration & Mem. at 3-11.) In doing so, Mount does nothing more than re-argue the merits of his claim that McKeivier provided ineffective assistance of counsel. But a motion for consideration is not "a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999); *see also Dale & Selby Superette*, 838 F. Supp. at 1348.

presentence investigation report, the forensics report, and the IP address information; and

    b. The Court **GRANTS** Defendant's motion seeking copies of his Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 70] and the Government's Response in Opposition [Doc. No. 98].

3. The Clerk of Court is instructed to send copies of Docket Numbers 70 and 98 to Defendant Jeremy D. Mount, Reg. No. 20776-041, FCI-Sandstone, P.O. Box No. 1000, Sandstone, MN 55072.

Dated: September 13, 2022                                s/Susan Richard Nelson
                                                                     SUSAN RICHARD NELSON
                                                                     United States District Judge