# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-237 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| JEREMY DAVID MOUNT, | |
| Defendant. | |

Katharine T. Buzicky, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Jeremy David Mount, Reg. No. 20776-041, FCI-Milan, P.O. Box 1000, Milan, MI 48160, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Jeremy David Mount's Pro Se Motion for Relief from Final Judgment in 2255 Proceeding Pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b) Motion") [Doc. No. 231]. Also before the Court are several other motions filed by Mount: (1) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 217]; (2) Pro Se Petition and Notice of Intent to Begin[] Legal Action for Disclosure of Exculpatory Evidence [Doc. No. 227]; (3) Pro Se Motion/Request to Invoke Equitable Tolling Doctrine [Doc. No. 233]; and (4) Motion for Leave of Court to Obtain Discovery [Doc. No. 236]. Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies Mount's Rule 60(b) Motion,

1

denies as moot his IFP Application, denies his Pro Se Petition and Notice of Intent to Begin[] Legal Action for Disclosure of Exculpatory Evidence, denies as moot his Pro Se Motion/Request to Invoke Equitable Tolling Doctrine, and denies his Pro Se Motion for Leave of Court to Obtain Discovery.

## I.   BACKGROUND

In August and September 2016, the Government charged Mount with three child pornography offenses.  (*See* Compl. [Doc. Nos. 1 & 3]; Indictment [Doc. No. 12].)  Although counsel from the Federal Defender's Office initially represented him, shortly thereafter, Mount privately retained attorney Ashli Summer McKeivier as counsel.  (*See* Sept. 29, 2016 Order [Doc. No. 21].)

On February 8, 2017, Mount pleaded guilty to two of the three counts in the Indictment—the receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), (Indictment, Count 2), and the production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (*id*., Count 3).  (Feb. 8, 2017 Minutes [Doc. No. 32].)  The signed Plea Agreement identified the factual predicates for Counts 2 and 3, and in his sworn testimony at the plea hearing, Mount admitted to these factual predicates, and admitted his guilt to both offenses.  (Plea Agmt. [Doc. No. 33] ¶ 2; Plea Hr'g Tr. [Doc. No. 95] at 17–20; 26–28.)

Pursuant to the Plea Agreement, Mount agreed to waive his appellate rights unless his sentence exceeded 327 months, and agreed to waive his rights to collateral review, except for claims of ineffective assistance of counsel.  (Plea Agmt. ¶ 10.)  In exchange for his guilty plea, the Government agreed to move to dismiss, at sentencing, the remaining count for

advertising child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and 2251(e). (*Id.* ¶ 1; Indictment, Count 1.)

At the July 27, 2017 sentencing hearing, the Court granted the Government's motion to dismiss Count One, and sentenced Mount to a total term of imprisonment of 262 months on the remaining counts. (Sentencing J. [Doc. No. 54] at 1–2.) The 262-month sentence was at the bottom of the applicable Sentencing Guidelines range, and also at the very bottom of the range that the parties contemplated in the Plea Agreement. (Plea Agmt. ¶ 6.)

At Mount's sentencing hearing, the Court advised him that he had 14 days to appeal his conviction or sentence, or both, upon the Court's entry of judgment in this case. (Sentencing Hr'g Tr. [Doc. No. 91] at 25); *see* Fed. R. App. P. 4(b)(1). The Court issued its Sentencing Judgment on August 1, 2017 [Doc. No. 54], which gave Mount until August 15, 2017 to file a notice of appeal. Fed. R. App. P. 4(b)(1). No notice of appeal was filed within that time period. Mount's subsequent pro se effort to file a notice of appeal, dated October 20, 2017 [Doc. No. 61], was rejected by the Eighth Circuit Court of Appeals as untimely. (8th Cir. J. [Doc. No. 67] at 1.)

On July 16, 2018, Mount filed a motion for collateral relief under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence ("§ 2255 Motion" [Doc. No. 70]), asserting a claim of ineffective assistance of counsel on several grounds. In an October 20, 2020 Order [Doc. No. 164], the Court denied the majority of Mount's grounds for relief, but deferred ruling on his ineffective assistance claim based on counsel's failure to timely file a notice of appeal, finding it necessary to hold an evidentiary hearing.

On September 9, 2021, the Court held the evidentiary hearing at which Mount was

represented by counsel.  (Sept. 9, 2021 Minutes [Doc. No. 199].)  Both he and his former

counsel, Ms. McKeivier, testified regarding their recollections of communications concerning

an appeal.  (*See* Oct. 4, 2021 Order [Doc. No. 202] at 1, 7–15.)   In the Court's October 4,

2021 ruling on this remaining ground for § 2255 relief, it found that Mount had not clearly

communicated to Ms. McKeivier his wish that she file a notice of appeal on his behalf, and

the Court therefore denied relief.  (*Id*.)  In addition, the Court denied Mount a certificate of

appealability concerning all of his grounds for relief under § 2255.[1]  (*Id*. at 15.)

   In November 2021, Mount appealed to the Eighth Circuit Court of Appeals [Doc. No.

212].[2]  The Eighth Circuit denied Mount a certificate of appealability [Doc. No. 222], and

denied his subsequent request for rehearing en banc.  *Mount v. United States*, No. 21-3747,

Order Denying Reh'g (8th Cir. Apr. 13, 2022).

---

[1] In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a
certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot issue a
certificate of appealability unless the applicant has made "a substantial showing of the
denial of a constitutional right." *Id*. § 2253(c)(2).

[2] In his 58-page appellate brief, entitled "Memorandum on Support of Appeal and Rule
60(b)(5) for Release or Discharge," Mount asserted several arguments, including:  (1) a
challenge to this Court's ruling on Mount's claim of ineffective assistance based on the
non-filing of a notice of appeal; (2) a purported "claim" under Rule 60(b)(5) that (a) there
was insufficient evidence for the offense charged under 18 U.S.C. § 2251, and that (b) his
guilty plea to that charge was not made knowingly, voluntarily, or intelligently; (3)
arguments that the Government withheld material evidence, former counsel was ineffective
for not filing a *Brady* motion, and Mount was subject to prosecutorial vindictiveness; (4)
an assertion that he was actually innocent of receipt of child pornography under 18 U.S.C.
§ 2252, charged in the Count 2 of the Indictment; (5) a claim that the evidence seized from
his LG cell phone should have been suppressed under the Sixth Amendment; (6) a claim
of ineffective assistance of counsel based counsel's failure to move for a *Franks* hearing
and to suppress evidence under the Fourth Amendment; and (8) a claim of ineffective
assistance of counsel based on the application of sentencing enhancements. *Mount v. United
States*, No. 21-3747, Appellant's Brief (8th Cir. Dec. 13, 2021).

4

In addition, Mount separately sought reconsideration from this Court of its § 2255 rulings, which the Court denied [Doc. No. 226].

As to Mount's pending motions, his primary motion, the Rule 60(b) Motion, seeks substantive relief from the judgment in his § 2255 proceeding.  The Court addresses this motion first, then addresses the remaining motions.

## II.   DISCUSSION

### A.   Rule 60(b) Motion

Mount seeks relief from the judgment on his § 2255 Motion pursuant to Federal Rule of Civil Procedure 60(b).[3]   He argues that the Court has jurisdiction to entertain his current motion because the motion attacks a defect in the federal habeas proceeding, and "not a merit[s] issue."  (Def.'s R. 60(b) Mot. at 1–2.)  He argues that the Court erred in denying him collateral relief under § 2255 on the following grounds:  (1) Ms. McKievier's alleged refusal to file a notice of appeal; (2) Ms. McKievier's purported failure to explain the advantages of an appeal, as opposed to the disadvantages; (3) the Court's "unreasonable interpretation of case law" concerning the delay between Mount's initial request for an appeal and his subsequent call with former counsel; and (4) the adequacy of the factual basis for judgment on Count 3 of the Indictment.  (*Id*. at 5–8, 8–11, 12–13, 14–17.)

---

[3] Specifically, Mount invokes the following provisions of the rule:  (1) Rule 60(b)(1), which permits relief from final judgment due to "mistake, inadvertence, surprise, or excusable neglect"; (2) Rule 60(b)(4), which permits relief on the ground that the "judgment is void"; (3) Rule 60(b)(5), which allows relief when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; and (4) Rule 60(b)(6), which permits relief from judgment for "any other reason that justifies relief."  (Def.'s R. 60(b) Mot. at 1.)

In response, the Government argues that Mount simply seeks to relitigate the claims from his earlier § 2255 Motion, and therefore his Rule 60(b) Motion is actually an unauthorized second or successive § 2255 motion, which the Court lacks jurisdiction to consider. (Gov't's Opp'n [Doc. No. 235] at 1.)

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one § 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). Accordingly, the Eighth Circuit has instructed that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding—like the one at issue—a district court should "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953 (2003); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases). If the Rule 60(b) motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [] transfer the [] motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

6

District courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings only if the motion attacks not the substance of the court's resolution of the claim on the merits, but "some defect in the integrity of the habeas proceedings." *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *Rouse v. United States*, No. CIV 06-4008, 2020 WL 1287986, at *4 (D.S.D. Mar. 18, 2020). For instance, fraud on the court or the misapplication of the one-year statute of limitations for § 2255 motions are examples of permissible Rule 60(b) challenges to the integrity of the habeas proceedings. 7 Wayne R. LaFave, et al., *Criminal Procedure* § 28.5(d) (4th ed. 2022). In contrast, a district court's resolution of a § 2255 claim "on the merits" refers to "a determination that there exist or do not exist grounds entitling petitioner to habeas corpus relief . . . ." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009), *cert. denied*, 559 U.S. 1051 (2010). Courts also treat a Rule 60(b) motion as a second or successive habeas corpus petition if it "seeks to add a new ground for relief." *Gonzalez*, 545 U.S. at 530, 532.

A review of Mount's Rule 60(b) Motion demonstrates that it is, in effect, a successive habeas petition, filed without certification from the Eighth Circuit, as the Court discusses below.

### 1. Failure to Timely File Notice of Appeal

Again, Mount argues that he asked his former counsel to file an appeal and she refused to do so. (Def.'s R. 60(b) Mot. at 5–8.) He raised this claim in his original § 2255 Motion, (Doc. No. 70 at 4), for which the Court held an evidentiary hearing. The Court ruled that Mount "failed to meet his burden of demonstrating that his attorney clearly and manifestly knew of his desire to file a notice of appeal, yet failed to do so." (Oct. 4, 2021 Order at 15.)

7

Thus, this ground for relief in Mount's Rule 60(b) Motion constitutes an unauthorized second or successive habeas petition that seeks to present claims that have already been adjudicated. *Lee*, 792 F.3d at 1023–24.  Accordingly, because Mount has not obtained certification from the Eighth Circuit to file a successive § 2255 motion, the Court lacks jurisdiction and denies his motion on this basis.

### 2. Former Counsel's Alleged Failure to Advise of the "Advantages" of an Appeal

Next, Mount argues that his former counsel rendered ineffective assistance by failing to advise him of the advantages of filing an appeal, although she advised him of the disadvantages.  (Def.'s R. 60(b) Mot. at 6 (citing *Keys v. United States*, 545 F.3d 644, 647 (8th Cir. 2008)).  The Court agrees with the Government that this argument is either a variation on Mount's first argument or an entirely new basis for a claim of ineffective assistance of counsel.  (*See* Gov't's Opp'n at 6.)

After the evidentiary hearing, the Court found that Ms. McKeivier "reasonably identified" Mount's narrow avenue for appeal and offered her professional opinion that an appeal was unlikely to be successful and could have a negative impact on his sentence.  (Oct. 4, 2021 Order at 7, 14.)  To the extent that Mount's current claim regarding the advantages of an appeal constitutes a disagreement with the Court's prior ruling, it is a successive claim, *Lee*, 792 F.3d at 1023–24, and to the extent this constitutes a "new" claim, a Rule 60(b) motion "that seeks to add a new ground for relief" must be treated as a second or successive § 2255 motion, *Gonzalez*, 545 U.S. at 532.  Because Mount did not obtain authorization to file such a motion, the Court lacks jurisdiction to consider it and denies his motion on this

basis.  *Lee*, 792 F.3d at 1023–24.

### 3.  Period of Delay

Mount also argues that the Court misinterpreted or misapplied the law regarding the delay between his request to counsel to file a notice of appeal and his subsequent telephone call with her.  (Def.'s R. 60(b) Mot. at 12–13.)

Following the evidentiary hearing, the Court found, among other things, that between Mount's initial discussion with Ms. McKeivier on July 31, 2017 regarding the filing of a notice of appeal, Mount did not contact Ms. McKeivier until September 8, 2017, after the filing deadline had expired.  (Oct. 4, 2021 Order at 14.)  In the October 4, 2021 Order, the Court cited legal authority in which other courts have found that a gap in communication, or the lack of any further communication, is a fact that lends support to a finding that the defendant did not clearly direct counsel to file a notice of appeal.  (*Id.*) (citing *United States v. Robinson*, 171 Fed. App'x 536, 537–38 (8th Cir. 2006) (finding that after attorney advised Robinson there was no basis for an appeal, he admitted that he remained silent, demonstrating a lack of clear communication to appeal); *Smith v. United States*, No. 4:03CR0077-GHD, 2008 WL 4890893, at *5 (N.D. Miss. Nov. 12, 2008) ("Even if the court believes that Smith initially asked that a notice of appeal be filed, following [his attorney's] opinion that there was no basis for an appeal, Smith was, by his own admission, silent.  Smith remained silent for approximately four months following sentencing, but in any event, well beyond the expiration of the [appeal period]."); *Moss v. United States*, No. 4:05-CV-2209 (JCH), 2007 WL 2159433, at *3 (E.D. Mo. July 25, 2007) (finding the defendant failed to demonstrate that his counsel knew of his desire to appeal where

defendant expressed interest in an appeal, but after counsel discussed the serious consequences that could follow from pursuing an appeal, counsel believed that the defendant agreed with his advice)).

Ultimately, however, the Court's decision rested on credibility, and the Court found Ms. McKeivier to be a more credible witness than Mount.  (Oct. 4, 2021 Order at 11–15.) The Court's credibility findings and explanations for those findings—made after the evidentiary hearing in which both Mount and McKeivier testified in person—were fully set forth in the October 4, 2021 Order.  (*Id*.)

In the instant Rule 60(b) Motion, Mount distinguishes the Court's discussion of *Robinson*, *Smith*, and *Moss*, arguing that unlike the defendants in those cases, he neither remained silent nor did he "admit" to doing so.  (Def.'s Reply [Doc. No. 240] at 3.)  Mount further asserts that his delay in communication was of comparatively short duration, and that he clearly communicated with counsel his wish to appeal, pointing to testimony at the evidentiary hearing.  (*Id*. at 3–5.)

However, these Rule 60(b) arguments attempt to relitigate the Court's denial, on the merits, of Mount's initial § 2255 Motion regarding the non-filing of a notice of appeal.  As such, this ground for relief constitutes a successive § 2255 motion, and is not properly before this Court, absent authorization from the Eighth Circuit.  *Lee*, 792 F.3d at 1023–24. The Court denies relief on this basis.

### 4.  Factual Basis for Conduct Charged in Count 3 of Indictment

Finally, Mount argues that there was no factual basis for Count 3 of the Indictment, and the Court "abused its discretion in stating Mount's counsel admitted the pictures of [the

10

victim] were the definition of [18 U.S.C.] § 2251(a) where no such admittance occurred."[4] (*Def.'s R.* 60(b) Mot. at 14–17.)

In his § 2255 Motion, Mount claimed ineffective assistance of counsel based on the alleged factual inadequacy for his guilty plea, arguing that the visual depictions in question were not taken "knowingly" and did not depict lascivious conduct. (*See* Oct. 20, 2020 Order at 17–19.) Mount reasserts the second argument here regarding the adequacy of the factual basis for the lascivious depiction of sexually explicit conduct. (*Def.'s R.* 60(b) Mot. at 14–17.)

As relevant here, the "sexually explicit conduct" prohibited under 18 U.S.C. §§ 2251(a) and (e) must involve the "lascivious exhibition of the anus, genitals, or pubic area of

---

[4] Mount appears to conflate two separate analyses in the October 20, 2020 Order. In his § 2255 Motion, in addition to claiming ineffective assistance based on an inadequate factual basis for his guilty plea, Mount also asserted a separate claim of ineffective assistance based on counsel's alleged failure to "engage an outside computer/cell phone forensics expert to, at a minimum, review the alleged pictures to see if they met the legal requirements the Government wanted me to stipulate to." (Oct. 20, 2020 Order at 29–30 (citing Mount Aff. ¶ 10).) In the October 20, 2020 Order, the discussion of Ms. McKeivier's review of the visual images primarily arose in this failure-to-hire/failure-to-investigate context, with the Court noting that as an attorney, Ms. McKeivier herself was qualified to assess whether the images met the requirements of the applicable statutes. (*Id.* at 30.) The Court then described her review of the evidence on at least three or four separate occasions, including a review of the evidence with Mount, who has never disputed that he took the photographs. (*Id.*) Noting that when evaluating an attorney's decision not to investigate, courts "appl[y] a heavy measure of deference to counsel's judgments," the Court found, on these facts, that Ms. McKeivier's decision not to hire a forensics expert was not objectively unreasonable, nor had Mount established prejudice. (*Id.* at 30–31 (citing *Ford v. United States*, 917 F.3d 1015, 1022 (8th Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).)

any person[.]"  18 U.S.C. § 2256(2)(A)(v).  The Court directly addressed Mount's prior arguments in its October 20, 2020 Order.  (Oct. 20, 2020 Order at 19.)  Rather than basing its ruling on Mount's attorney's "admission" that the images met the elements of the charged offense, as Mount asserts, (Def.'s R. 60(b) Mot. at 14–17), in the October 20, 2020 Order, the Court relied on Mount's *own* admissions—both in the Plea Agreement and his sworn testimony at the plea hearing—that his conduct met the factual and legal elements of Count 3 under §§ 2251(a) and (e).  (Oct. 20, 2020 Order at 18–19 (citing Plea Agmt. ¶ 2; Plea Hr'g Tr. at 17–20; 26–28)); *United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003) ("We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are sufficient to find a factual basis for a guilty plea.").

Mount's Rule 60(b) challenge merely relitigates the merits of the Court's § 2255 ruling on the sufficiency of the factual basis for Count 3.  Therefore, it is, in effect, a successive § 2255 motion.  *Lee*, 792 F.3d at 1023–24.  Because Mount has not obtained certification from the Eighth Circuit to file a successive petition, the Court lacks jurisdiction to entertain this claim.  *Id.*

In sum, for the foregoing reasons, the Court lacks jurisdiction to consider the grounds for relief in Mount's Rule 60(b) Motion, as he has not obtained authorization from the Eighth Circuit.  Accordingly, the Court dismisses Mount's Rule 60(b) Motion.

**B.    Remaining Motions**

**1.  IFP Application**

Mount's pending IFP Application [Doc. No. 217], filed in December 2021, appears to relate to his Eighth Circuit appeal.  Because the Eighth Circuit entered judgment on his appeal in February 2022, and issued its mandate in April 2022, the Court denies Mount's IFP Application as moot.

**2.  Motions for Discovery**

In Mount's Pro Se Petition and Notice of Intent to Begin[] Legal Action for Disclosure of Exculpatory Evidence [Doc. No. 227], he seeks an order compelling counsel for the Government to "surrender missing exculpatory evidence" in the form of:  (1) a compact disk containing 1,766 kilobytes of email data; (2) three sheets of paper containing certain subscriber information; and (3) all pictures of the minor victim "taken off the LG cell phone camera." (Pet. and Notice of Intent at 1.)  He contends that such evidence is necessary to "perfect both his Rule 60(b) and also his 2241 to the Supreme Court if need be." (*Id*. at 2.) Similarly, in Mount's Motion for Leave of Court to Obtain Discovery [Doc. No. 236], he requests a copy of the plea hearing transcript and "redacted evidence of pictures of [the minor victim] used to convict Mr. Mount of 2251(a)(e)."

Under Rule 6 of the "Rules Governing Section 2255 Proceedings for the United States District Courts," federal district courts may, for good cause, authorize the parties to conduct discovery in connection with pending § 2255 motions.  However, both Mount's criminal proceedings and his § 2255 Motion are closed, and the Court has found that his Rule 60(b) Motion is a successive § 2255 motion, for which he has neither sought nor received

authorization from the Eighth Circuit.  Because his discovery motion is not made in connection with an active § 2255 matter before this Court, it is denied.  *United States v. Longs*, No. 07-cr-189 (16) (JRT/JSM), 2015 WL 13710891, at *1 (D. Minn. July 7, 2015) (denying motion where defendant sought discovery in anticipation of a forthcoming actual innocence claim) (citing *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (per curiam) ("[A]ccess to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case.")); *United States v. Hastings*, No. 11-cr-25(1) (RHK/FLN), 2013 WL 2897415, at *2 (D. Minn. June 13, 2013) ("Nothing in Rule 6 suggests that discovery is available to facilitate the preparation of a yet-to-be-filed § 2255 motion.")

### 3.  Motion for Equitable Tolling

Finally, Mount moves to invoke the doctrine of equitable tolling [Doc. No. 233] in the event his Rule 60(b) Motion is untimely.  Because the Court has found that Mount's Rule 60(b) Motion is an unauthorized, successive § 2255 motion, which it lacks jurisdiction to consider, the Court denies Mount's Motion for Equitable Tolling as moot.

## III.    CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1.    Defendant's Pro Se Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 217] is **DENIED AS MOOT**.

2.    Defendant's Pro Se Petition and Notice of Intent to Begin[] Legal Action for Disclosure of Exculpatory Evidence [Doc. No. 227] is **DENIED**.

3.      Defendant's Pro Se Motion for Relief from Final Judgment in 2255 Proceeding Pursuant to Fed. R. Civ. P. 60(b) [Doc. No. 231] is **DENIED**.

4.      Defendant's Pro Se Motion/Request to Invoke Equitable Tolling Doctrine [Doc. No. 233] is **DENIED AS MOOT**.

5.      Defendant's Pro Se Motion For Leave of Court to Obtain Discovery [Doc. No. 236] is **DENIED**.

Dated: March 6, 2023                                    s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge